## KATE ENGLISH v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

February 9, 1912.

Nos. 17,406—(207).

**Railway station — defective steps — liability of defendant.**

The tracks of defendant and another railway company cross in the city of Waseca at right angles, and in the angle thus formed is a passenger station used jointly by the two companies. A platform extends around the station and along the tracks of both companies. From the platform along defendant's tracks steps lead to a street crossing. Plaintiff, in returning from a visit to the station to inquire as to the time of trains and connections, was injured by the steps breaking as she attempted to walk down them. For many years these steps and defendant's platform had been used by the people of Waseca to reach the station, whether their business was with defendant or with the other company. It is *held* that, whether plaintiff's purpose in visiting the station was to get information as to defendant's trains or as to the trains of the other company, defendant owed her the duty to use reasonable care to maintain the steps in a reasonably safe condition.

[1] Reported in 134 N. W. 518.

---

[Note] Degree of care toward passengers at stations generally, see note in 33 L.R.A. (N.S.) 855.

Action in the district court for Waseca county to recover $5,000 for personal injuries. The answer alleged plaintiff's contributory negligence. The reply was a general denial. The case was tried before Childress, J., and a jury which returned a verdict in favor of plaintiff for $1,500. From an order denying defendant's motion for judgment in its favor notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*W. H. Bremner, P. McGovern* and *Geo. W. Seevers,* for appellant.
*Moonan & Moonan,* for respondent.

BUNN, J.

In the city of Waseca the tracks of defendant and of the Chicago & Northwestern Railway Company cross at practically right angles. A passenger station is located in the angle formed by the junction of the two roads and used by both companies jointly. Defendant's tracks run north and south. A plank platform extends around the station and along defendant's tracks to the north some three hundred feet across Oak street and past defendant's freight depot. The platform also extends easterly along the tracks of the Northwestern Company past a baggage room to a cinder walk which leads north to Oak street. At the point where defendant's tracks cross Oak street two steps lead down from the platform to the street crossing plank near the north line of the street, which was not opened across defendant's right of way. Plaintiff lives on the north side of Oak street about sixty feet east of the platform.

About six o'clock in the evening of December 16, 1910, plaintiff went to the passenger station to inquire about trains. The ticket office was closed, and she walked back north on the platform and attempted to go down the steps leading to the crossing on Oak street. As she stepped on the second step, it broke and gave way. Plaintiff was thrown down, striking her head and back against the platform, and was injured. This action was brought to recover damages for the injuries so received. The trial resulted in a verdict for plaintiff. Defendant moved in the alternative for judgment notwithstanding

the verdict or for a new trial, and appealed from an order denying such motion.

1. The assignments of error, as stated in defendant's brief, may all be summed up in one claim: That under the facts in this case the defendant was not guilty of any negligence, for the reason that it owed no duty to the plaintiff with respect to the condition of the steps in question. Defendant concedes that the evidence was sufficient to make a case of liability, if it owed any duty to the plaintiff; but its contention is that plaintiff was upon the platform upon business not connected with defendant, that she was a trespasser, or at most a bare licensee, and hence that defendant owed her no duty, save not to wilfully or wantonly injure her. In other words, the claim is that plaintiff came upon the premises on business with the Northwestern Company, and that the defendant owed no duty to keep its platform or the steps safe for people who did not use them for purposes connected with defendant's business.

We will consider the question on the assumption that the evidence conclusively shows that plaintiff's purpose was wholly to inquire as to the time of departure of the Northwestern trains, and the connections made by such trains with the Great Northern at Minneapolis. This is an assumption which the evidence does not make necessary, but we prefer to meet the question raised by defendant.

Defendant uses the passenger station jointly with the Northwestern Company under an agreement between the two companies. Under this agreement the land on which the station platform of defendant was situated was leased to defendant, and admittedly it was defendant's duty to use reasonable care to keep the platform and steps leading thereto safe. The evidence showed that each company had its own station agent, who came to the station shortly before the arrival of a train upon his road. For thirty years practically all people who had business with either road and lived west of the defendant's tracks reached the station by using the defendant's platform, and from fifty to seventy-five per cent of those living in the eastern, northern, and central parts of the city, who had business with either road, used the steps at Oak street and the platform of

defendant. The way by First street, the cinder path, and the North-western platform was inconvenient to those residing north of the station, especially in wet weather, when the path became muddy. No objection was ever made by defendant to this use of its platform and steps by people who came to take the Northwestern trains, to meet passengers on such trains, or to do business with that company.

On these facts we cannot sustain defendant's narrow theory of the measure of its duty to those using the platform and steps for purposes of business connected with the Northwestern Company. We must hold that there was an implied invitation to the public to use defendant's platform and steps for such purposes. There can be no doubt that, where there is an express or implied invitation to use the premises of the owner, there is the duty to use reasonable care to see that persons thus invited shall not be injured.

We have in this case an invitation implied from long years of acquiescence in the use made by the people of Waseca of defendant's platform and steps, as well as from the situation itself. We have also the failure to use reasonable care to maintain the premises in a safe condition. We hold that defendant owed this duty to use reasonable care to all who used its premises on business either with defendant or with the Northwestern Company. There can be no doubt that defendant would not owe this duty to a mere trespasser, who was on its premises without its invitation; but that is not this case.

Nor do we deem it important that it would have been difficult, if not impossible, to have limited the use of its platform and the steps to people whose business was with defendant. It is not to be supposed that defendant would wish to so limit their use, or could legally do so. While the depot was not strictly a union station, it was used by both companies jointly. The platform extended along the tracks of both companies and around the station, and was continuous. There was no dividing line. To hold as defendant contends would be to adopt a view that is opposed to common sense and to sound legal principles. As we have held in several cases, it is not important by what name we designate the relation between the owner of premises and

one who is invited to use them. Even calling the latter a licensee, the duty to use reasonable care exists, and the case here is much stronger than where the implied invitation is to use the premises for the mere personal convenience or pleasure of the licensee.

Our decisions in Lauritsen v. American Bridge Co. 87 Minn. 518, 92 N. W. 475, Ellington v. Great Northern Ry. Co. 96 Minn. 176, 104 N. W. 827, and Erdner v. Chicago & N. W. Ry. Co. 115 Minn. 392, 132 N. W. 339, are decidedly in point, and go further than it is necessary to go in this case. In truth, it would be the limit of refinement to attempt to distinguish between the rights on the platform of those who had business with defendant and those whose purpose was to reach the trains or consult the agent of the Northwestern Company.

The case of Louisville v. Treadway, 142 Ind. 475, 40 N. E. 807, `· clearly distinguishable. There the negligence was the failure to ₁ght the platform, and it was held that, as the Clover Leaf Company had no trains running at night either to or from the station, it was under no duty to light the platform. The question of invitation was not in the case, nor was there any defect in the platform that caused the accident.

In Cincinnati v. Aller, 64 Oh. St. 183, 60 N. E. 205, plaintiff was not using the platform on business connected with either company.

We hold that defendant owed plaintiff the duty to use reasonable care to maintain its platform and steps in a safe condition, and that the evidence was clearly sufficient to justify a finding that it had failed in this duty.

Order affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.